**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIE JOSEPH NAJJAR, | No. 11-72995 |
| Petitioner, | Agency No. A076-732-457 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2015[**]
Pasadena, California

Before: KLEINFELD, RAWLINSON, and NGUYEN, Circuit Judges.

Elie Joseph Najjar (Najjar), a native and citizen of Lebanon, and former

resettled resident of Sweden, petitions for review of the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal. Although Najjar has never

disputed his firm resettlement in Sweden, he contends that his due process rights

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

were violated when an Immigration Judge (IJ) changed the designated country of removal from Lebanon or Sweden to Sweden only.

"Immigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment. . . ." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citation omitted). In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country. *See Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999).

Najjar's removal proceedings fully comported with due process requirements. The IJ consistently stated that Najjar faced removal to Sweden. Indeed, the IJ first designated Sweden as a country of removal in November, 2008 – over sixteen months before Najjar's removal hearing. Additionally, the IJ provided Najjar an opportunity to present evidence in support of his asylum application once Lebanon was no longer designated as a country of removal. It is of no constitutional significance that Lebanon was eliminated as a country of removal on the date of the removal hearing, as Najjar was assured that if Sweden did not accept Najjar and the government opted to pursue Lebanon as the country of removal, Najjar would be provided an opportunity to seek withholding of

2

removal from Lebanon.  *See Su Hwa She v. Holder*, 629 F.3d 958, 965 (9th Cir. 2010) (approving a similar approach).

**PETITION DENIED.**